EDWARD MICHEL, RELATOR, v. VILLAGE OF SOUTH ORANGE AND IRA T. REDFERN, BUILDING INSPECTOR OF THE VILLAGE OF SOUTH ORANGE, RESPONDENTS.

Submitted October term, 1925—Decided March 5, 1926.

**Zoning—Apartment-Houses and Stores in Restricted Territory and Beyond the Building Line Established by Ordinance—Case Within Rule of Ignaciunas v. Risley—Building Line Cannot be Maintained Against Owner's Will.**

On *mandamus*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Howe & Davis*.

For the respondents, *Riker & Riker*.

PER CURIAM.

The relator is the owner of a large piece of ground in the village of South Orange, at the corner of South Orange avenue and Turrell avenue, and on the plot proposes to erect three buildings, an apartment-house facing Turrell avenue to accommodate forty-four families, an apartment-house facing South Orange avenue to accommodate thirty-two families, and at the junction of the two avenues a building intended to contain nine stores.

Application was. made to the proper authorities for permits to build in accordance with the foregoing purposes and uses. The applications were refused on the ground that a zoning ordinance prohibited such constructions, and also required that any building should be back from one street the distance of fifteen feet and from the other twenty-five feet, and with the further provision that no building should be higher than the distance it sets back from the street on which it faces.

The lot in question is triangular in form, coming to a point in an acute angle at the street corner. Enforcement of the provisions of the ordinance against the relator would result in depriving him of a building space comprising a large part of his ground, and can only be justified if it be a proper exercise of the police power as defined by the Court of Errors and Appeals in *Ignaciunas* v. *Risley*, 2 *N. J. Adv. R.* 852.

Tested by the rules therein laid down, we think the ordinance in the particulars named cannot be justified. Apartment-houses . and stores have been repeatedly held to be innocuous to any public interest within the police power, and *citia* of authority is unnecessary.

The enforced set back of buildings we also deem to be an unlawful invasion of the private right of the owner in the use of his property. This provision, of the ordinance is sought to be justified by reason of an alleged danger in the use of the highway which would result from construction of buildings nearer to the street line. This we consider an insufficient reason. Twenty years ago the Court of Errors and Appeals in the case of *Passaic* v. *Paterson Bill Posting Co.*, 72 *N. J. L.* 285, held that the placing of signs or billboards could not be so restricted on the ground of public safety, although it was claimed that such construction in times of storm or by reason of decay might become a source of danger to users of the highway. In the present case we think the reasoning in support of the limitation is even less forceful. The highways are for the use of the traveling public in reasonable manner. This use implies a recognition of

the conditions of the highways and of their surroundings. If streets are too narrow for safe use they should be widened by lawful means, and these means have been accorded the various municipalities by the exercise of the right of eminent doman through condemnation proceedings. In the present case, to impose on the owner of abutting property the duty of making the street safe, is to transfer a public obligation to the individual, and to impose it to such a degree that he is deprived of the use of a large portion of his property without the just compensation which the constitution secures to him.

It was suggested in the briefs of the defendants that a fire hazard is created by the size of the contemplated buildings with which the fire apparatus would be at present unable to cope. This can afford no justification for the restrictions in this respect. The height of the highest building is to be forty-nine feet. It is said the village has a population of twelve thousand persons. Buildings of such height are usual in communities of similar size, and are, no doubt, to be found here. If the municipal authorities have not provided adequate fire-fighting facilities to meet the reasonable needs of their people the remedy is not to be found in a denial of the right to construct buildings of the size here desired, but in the performance of the duties imposed in the trust they have assumed.

The questions here involved were all passed upon adversely to the defendants in the similar case of *Eaton* v. *Village of South Orange*, 3 *N. J. Mis. R.* 957, and to these views therein expressed we adhere, and follow the decision there reached.

The relator in the situation above narrated has applied for a peremptory or alternative writ of *mandamus* to compel the issuance of the permit applied for. The facts are stipulated and are not doubtful in their import. We think the relator is entitled to a peremptory writ, and it is therefore awarded.